UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL G. JESTER,<br>    Plaintiff,<br>v.<br>D.O.J., et al.,<br>    Defendants. | Case No. 21-cv-07390-EMC<br><br>**ORDER OF DISMISSAL**<br>Docket Nos. 14, 18 |

Daniel G. Jester, a prisoner currently incarcerated at San Quentin State Prison ("San Quentin"), filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Docket No. 1. The Court dismissed Mr. Jester's petition with leave to amend, noting that it was unclear what Mr. Jester complained of, what relief he sought, and whether his action should proceed in habeas or in civil rights. *See generally*, Docket No. 13.

Mr. Jester subsequently filed a first amended petition and a second amended petition. *See* Docket Nos. 14, 18. Both documents complain of overcrowding at San Quentin, and seek injunctive relief related to that overcrowding. *See id*.

Habeas jurisdiction is lacking for the claims asserted by Mr. Jester. In *Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 645 (2017), the Ninth Circuit held that a prisoner's claim which, if successful, will not necessarily lead to immediate or speedier release from custody falls outside the "core of habeas corpus" and must be pursued (if at all) in a civil rights action under 42 U.S.C. § 1983, rather than in a habeas action. *Nettles*, 830 F.3d at 927-28. Success on Mr. Jester's claim regarding overcrowding will not necessarily lead to immediate

or speedier release from custody and therefore falls outside the core of habeas corpus. Under *Nettles*, Mr. Jester's only potential recourse in federal court is to file a § 1983 complaint because his claims fall outside the core of habeas corpus.

In an appropriate case, a habeas petition may be construed as a civil rights complaint under 42 U.S.C. § 1983. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971); *see Nettles*, 830 F.3d at 935-36. Although a district court may construe a habeas petition as a civil rights complaint, the district court is not required to do so.

Since *Wilwording* was decided, there have been significant changes in the law. For example, the filing fee for a habeas petition is $5; for civil rights cases, the fee is now $402 (with $52 of that fee reduced if the prisoner is allowed to proceed *in forma pauperis*). A prisoner is now required to pay the fee, even if granted *in forma pauperis* status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A prisoner who might be willing to file a habeas petition for which he would not have to pay a filing fee, or would have to pay a relatively minimal filing fee, might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his prisoner trust account. Also, a civil rights complaint dismissed as malicious, frivolous, or for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. The Court is thus reluctant to assume Mr. Jester would want to convert this action into a civil rights action. Further, Mr. Jester's petition is not amenable to conversion because it does not name a proper defendant; Mr. Jester sues both San Quentin and obviously unrelated federal officials, but does not name an individual with authority over San Quentin's housing arrangements. *See, e.g.,* Docket No. 18 at 1; *see also Nettles*, 830 F.3d at 936 (in order to be converted, petition must be "'amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief.'") (citation omitted).

///
///
///
///

For the foregoing reasons, this habeas action is **DISMISSED**. The dismissal is without prejudice to Mr. Jester filing a new civil rights action asserting his overcrowding claim.

**IT IS SO ORDERED**.

Dated: April 14, 2023

_____
EDWARD M. CHEN
United States District Judge